UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL GRACE, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:20-cv-06323 |
| | ) |
| v. | ) Judge: Hon. Manish S. Shah |
| | ) |
| NIELSEN HOLDINGS, PLC, THE NIELSEN CORPORATION, ACNIELSEN or AC NIELSEN, JOHN DOE CORPORATION (a/k/a New Company), | ) Magistrate Judge: Hon. Gabriel A. Fuentes<br>)<br>) (Jury Trial Demanded)<br>)<br>) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

Plaintiff Cheryl Grace ("Plaintiff" or "Grace") and Defendants Nielsen Holdings plc and The Nielsen Company (collectively, the "Nielsen Defendants"), incorrectly identified as The Nielsen Corporation, ACNielsen, and/or AC Nielsen, through their undersigned counsel, submit the following Joint Initial Status Report in accordance with the Court's Order dated December 8, 2020, and the Standing Order Regarding Initial Status Reports.

1. **The Nature of the Case**

   a. **Identify the attorneys of record for each party, including the lead trial attorney.**

   Linda D. Friedman, Jennifer S. Gilbert, and Matthew J. Singer of Stowell & Friedman, Ltd. are the attorneys of record for Plaintiff; Ms. Friedman is the lead trial attorney.

   Cardelle Spangler and Benjamin M. Ostrander of Winston & Strawn LLP are the attorneys of record for Nielsen. Ms. Spangler is the lead trial attorney for Defendants.

   b. **State the basis for federal jurisdiction.**

   The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343.

   c. **Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff claims that Defendants discriminated against her because of her race and retaliated against her for engaging in protected activity in violation of 42 U.S.C. § 1981.

The Nielsen Defendants deny that they discriminated or retaliated against Plaintiff in any way, or that Plaintiff is entitled to any relief whatsoever. The Nielsen Defendants have not yet asserted any counterclaims but reserves their rights to do so.

  **d.**  **State the major legal and factual issues anticipated in the case.**

Whether Defendants discriminated against Plaintiff based on her race.

Whether Defendants retaliated against Plaintiff for engaging in protected activity.

Whether Plaintiff suffered any adverse employment action at Nielsen.

To the extent that the Defendants are found to have discriminated or retaliated against Plaintiff, what damages, if any, did Plaintiff suffer?

  **e.**  **Describe the relief sought by the plaintiff(s).**

Plaintiff seeks all legal and equitable relief available, including but not limited to: (a) the value of all compensation and benefits lost as a result of Nielsen's conduct; (b) the value of all compensation and benefits she will lose in the future as a result of Nielsen's conduct; (c) compensatory damages, including but not limited to damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; (d) punitive damages; (e) prejudgment interest; (f) attorneys' fees, costs, and disbursements; and (g) all other make whole equitable, injunctive, and legal relief that the Court deems just and proper.

The Nielsen Defendants deny that Plaintiff is entitled to any relief whatsoever.

**2.**  **Pending Motions and Case Plan**

  **a.**  **Identify all pending motions**

There are no currently pending motions.

  **b.**  **Submit a proposal for a discovery plan, including the following information:**

    **i.**  **The general type of discovery needed;**

The parties intend to conduct full discovery, including, without limitation, written discovery, ESI discovery, depositions, and potentially expert discovery.

    **ii.**  **A date for Rule 26(a)(1) disclosures;**

January 15, 2021.

   **iii.** **A date to issue written discovery;**

   February 8, 2021.

   **iv.** **A fact discovery completion date;**

   September 1, 2021.

   **v.** **If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and**

   In lieu of setting expert discovery deadlines at this early stage of the case, the parties propose that the Court schedule a status hearing close to the end of fact discovery, at which point the parties will be prepared to discuss the necessity of expert discovery and/or proposed expert discovery deadlines.

   **vi.** **A date for the filing of dispositive motions.**

   In lieu of setting a dispositive motion deadline at this early stage of the case, the parties propose that the Court schedule a status hearing close to the end of fact discovery, at which point the parties will be prepared to discuss a dispositive motion deadline.

  **c.** **With respect to trial, indicate whether a jury trial is requested and the probable length of trial.**

  A jury trial has been requested. At this early stage of the case, the parties estimate that a jury trial would take approximately two weeks.

**3.** **Consent to Proceed Before a Magistrate Judge**

  **a.** **Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.**

  The parties do not consent to proceed before a Magistrate Judge.

**4.** **Status of Settlement Discussions**

  **a.** **Indicate whether any settlement discussions have occurred;**

  **b.** **Describe the status of any settlement discussions; and**

  **c.** **Whether the parties request a settlement conference.**

  The parties have engaged in preliminary settlement discussions. Plaintiff is interested in private mediation. The Nielsen Defendants are interested in a settlement conference before the Magistrate Judge. The parties are conferring on this issue.

Dated:  December 23, 2020

Cheryl Grace

By: /s/ *Linda D. Friedman*
One of Her Attorneys

Linda D. Friedman
Jennifer S. Gilbert
Matthew J. Singer
Stowell & Friedman, Ltd.
303 W. Madison St.
Suite 2600
Chicago, Illinois  60606
(312) 431-0888
LFriedman@sfltd.com
jgilbert@sfltd.com
msinger@sfltd.com

*Attorneys for Plaintiff*

Respectfully submitted,

Nielsen Holdings, PLC;
The Nielsen Company

By: /s/ *Cardelle B. Spangler*
One of Its Attorneys

Cardelle B. Spangler
Benjamin M. Ostrander
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois  60601
cspangler@winston.com
bostrander@winston.com

*Attorneys for Nielsen*

4

## CERTIFICATE OF SERVICE

I, Linda D. Friedman, an attorney, hereby certify that on December 23, 2020, I caused to be filed the foregoing *JOINT INITIAL STATUS REPORT* via the Court's CM/ECF system, which caused a copy of the same to be served upon all counsel of record via ECF.

Respectfully submitted,

By: */s/Linda D. Friedman*